UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JAMES E. CLUESMAN, *ET AL.*  )
                              )
v.                            )     NO. 2:06-CV-39
                              )
UNITED STATES OF AMERICA      )

## MEMORANDUM OPINION

The plaintiffs' malpractice complaint is before the Court on the defendant's motion for summary judgment. [Doc. 18]. The defendant alleges that the claims of Eileen Cluesman are barred by the doctrine of judicial estoppel and that the remaining plaintiffs' claims are barred for failure to exhaust their respective administrative remedies. For the reasons that follow, the defendant's motion for summary judgment will be **GRANTED**.

## Background

In 2002, James Earl Cluesman, a United States Army Veteran, was receiving medical treatment at the United States Department of Veteran Affairs Hospitals in Murfreesboro and Mountain Home, Tennessee. Following Mr. Cluesman's release from the Veterans' Administration Hospital in mid-March, 2002, Mr. Cluesman violently assaulted his spouse, Eileen Cluesman, causing her severe injuries. Later the same day, Mr. Cluesman committed suicide.

On October 29, 2003, Mrs.Cluesman filed an administrative claim for damages with the Department of Veteran Affairs ("VA"). At the time of the filing this claim, Mrs. Cluesman was represented by counsel. Mrs. Cluesman's administrative claim stated that she was seeking $600,000.00 for personal injury and $600,000.00 for wrongful death. In the space provided for listing the name and address of the claimant on the administrative claim form, only Mrs. Cluesman and her attorney were listed. Additionally, an attachment to the administrative claim form describing in more detail the basis for Mrs. Cluesman's claim is styled "Eileen Cluesman Claimant vs. Department of Veteran Affairs." Neither the administrative claim form nor Mrs. Cluesman's attachments make any mention of the estate of Mr. Cluesman, that Mrs.Cluesman is the personal representative of the estate or acting in that capacity, nor of any children or other beneficiaries of Mr. Cluesman's estate.

While the administrative claim was pending, Mrs. Cluesman filed, on May 6, 2004, a Voluntary Petition (Chapter 7) in the United States Bankruptcy Court for the Eastern District of Tennessee. The Statement of Financial Affairs filed with Mrs. Cluesman's bankruptcy petition made no mention of her administrative proceeding filed with the VA, nor did Mrs. Cluesman indicate any contingent interest in the estate of the decedent or any other contingent claims of any nature.

On June 15, 2004, Mrs. Cluesman attended the Section 341 Meeting and Examination of Debtor, during which she was given an opportunity to correct her

On October 29, 2003, Mrs.Cluesman filed an administrative claim for damages with the Department of Veteran Affairs ("VA"). At the time of the filing this claim, Mrs. Cluesman was represented by counsel. Mrs. Cluesman's administrative claim stated that she was seeking $600,000.00 for personal injury and $600,000.00 for wrongful death. In the space provided for listing the name and address of the claimant on the administrative claim form, only Mrs. Cluesman and her attorney were listed. Additionally, an attachment to the administrative claim form describing in more detail the basis for Mrs. Cluesman's claim is styled "Eileen Cluesman Claimant vs. Department of Veteran Affairs." Neither the administrative claim form nor Mrs. Cluesman's attachments make any mention of the estate of Mr. Cluesman, that Mrs.Cluesman is the personal representative of the estate or acting in that capacity, nor of any children or other beneficiaries of Mr. Cluesman's estate.

While the administrative claim was pending, Mrs. Cluesman filed, on May 6, 2004, a Voluntary Petition (Chapter 7) in the United States Bankruptcy Court for the Eastern District of Tennessee. The Statement of Financial Affairs filed with Mrs. Cluesman's bankruptcy petition made no mention of her administrative proceeding filed with the VA, nor did Mrs. Cluesman indicate any contingent interest in the estate of the decedent or any other contingent claims of any nature.

On June 15, 2004, Mrs. Cluesman attended the Section 341 Meeting and Examination of Debtor, during which she was given an opportunity to correct her

bankruptcy filings. Rather than made any corrections, Mrs. Cluesman confirmed that her filings were accurate. Based upon Mrs. Cluesman's representations, the bankruptcy trustee filed a Report of No Assets. On September 1, 2004, the Bankruptcy Court entered an order of discharge, and a final decree closing the bankruptcy case on September 21, 2004.

Plaintiff alleges that she received a final denial of her claim from the VA on August 23, 2005. The plaintiffs filed their complaint in this Court on February 21, 2006. After receiving notice of this case from the government, the Chapter 7 Trustee filed a motion to reopen Mrs. Cluesman's bankruptcy case, identifying this case as a contingent asset of the bankruptcy estate.

**Standard of Review**

Summary judgment is appropriate when "there is no genuine issue of material fact." *Fed.R.Civ.P.* 56(c). The moving party bears the initial burden of proving that no material facts exist, and the court must draw all inferences in a light most favorable to the non-moving party. A court may grant summary judgment when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial. *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (citations omitted).

In accordance with long standing summary judgment principles, this Court must construe the evidence in this record most favorably for the plaintiff because she is the litigant opposing summary judgment. *E.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *Scott v. Clay County*, 205 F.3d 867, 871 (6th Cir.2000). As explained by the Sixth Circuit in *Scott*,

> "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.... <u>The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor</u>." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citation omitted). See also *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992); *Adams v. Metiva*, 31 F.3d 375, 378-79 (6th Cir.1994). (emphasis added)

*Id*. at 871.

**Discussion**

As a prerequisite to filing suit under the Federal Tort Claims Act ("FTCA"), plaintiff must meet the administrative claim requirements contained in 28 U.S.C. § 2675(a). That statute provides, in pertinent part:

> An action shall not be instituted against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate federal agency.

Exhaustion of the plaintiff's administrative remedies is a jurisdictional prerequisite to the filing of an action under the FTCA. *McNeil v. United States*, 508 U.S. 106 (1993). To

meet the administrative remedies exhaustion requirements, plaintiff must submit to the appropriate federal agency written notification of the incident giving rise to the claim and make a claim for money damages of a specific amount for the damage claimed. 28 C.F.R. § 14.2  Where, as here, there are multiple claimants, notice of each claimant must be included along with the nature and amount of their claims. *See Rucker v. United States Department of Labor*, 798 F. 2d 891, 893 (6th Cir. 1986).

Here, the administrative claim only identifies Eileen Cluesman as a claimant, not the children of Mr. and Mrs. Cluesman nor the estate of Mr. Cluesman. At most, one might argue that because Mrs. Cluesman's claim indicates that the basis of her claim is the "wrongful death of James Earl Cluesman," the estate of Mr. Cluesman would be included. However, this argument is contrary to the Sixth Circuit's holding in *Rucker* wherein the Court held that Mr. Rucker's wife had failed to exhaust her administrative remedies despite the fact that Rucker's wife's name was identified as such on the standard form. *Id*. Accordingly, the plaintiffs, James Earl Cluesman, and his daughters, Eileen Marie Cluesman and Katie Cluesman have failed to exhaust their administrative remedies, and this Court therefore lacks subject matter jurisdiction over their claims. Given that 28 U.S.C. § 2401(b) requires an administrative claim to be filed within two years of its accrual, and the fact that this action accrued in 2002, the dismissal of these plaintiffs' claims will be with prejudice. Additionally, while the Court is not informed as to whether the children of Mr. and Mrs. Cluesman are still minors, such has no bearing on the time

for the accrual of their claims as the FTCA contains no exemption for infants. *Foote v. Public Housing Com'r of U.S.*, 107 F. Supp. 270 (D.C. Mich. 1952).

Defendants submit that Eileen Cluesman's claims should be dismissed because of her failure to schedule or disclose them in her Chapter 7 Bankruptcy proceeding. The plaintiff does not dispute that she failed to inform the bankruptcy court of any claim or potential claim she might have against the Veteran's Administration regarding its medical treatment or lack thereof, as it relates to her deceased husband. Nor does the plaintiff contest the legal proposition that failure to schedule her claim in her bankruptcy proceeding is legitimate basis for the application of the judicial estoppel doctrine. *See Browning v. Levy*, 283 F. 3d 761 (6th Cir. 2002); *Lewis v. Weyerhaeuser Co.*, 141 Fed. Appx. 420 (6th Cir. 2005); Edward G. Phillips, *Fudging on Bankruptcy Filings Leads to Dismissal of Employment Suits*, 42 – OCT Tenn. B.J. 32 (2006). However, the plaintiff asserts that judicial estoppel should not apply in this case because her prior inconsistent position taken in the bankruptcy proceeding was due to "mistake or inadvertence." *Browning*, 283 F. 3d at 776.

A debtor's omission may be excused where (1) the debtor lacked knowledge of the undisclosed claims, and (2) the debtor had no motive for concealment. Thus, the burden is on Ms. Cluesman to establish her lack of knowledge of the factual basis of the undisclosed claims <u>and</u> her lack of motive for concealment. *Id.*; *Pate v. United Parcel Service, Inc.*, 2006 WL 2076795 (E.D. Tenn. 2006); *Duff v. Lockheed Martin Energy*

6

*Systems*, 2006 WL 2473659 (E.D. Tenn. 2006). In her affidavit, Mrs. Cluesman simply states that "[t]his lawsuit was not yet filed when I disclosed my assets during my bankruptcy case and any failure to mention my pending VA claim was merely an oversight on my part."

This Court is of the opinion that Mrs. Cluesman's affidavit is insufficient to establish inadvertence. Mrs. Cluesman's affidavit fails to establish that she lacked knowledge of the factual basis of her undisclosed claims. Quite the contrary, the facts before the Court establish that Cluesman had already filed a claim with the VA prior to the filing of her bankruptcy petition, and therefore, was well aware of her claims. *Browning*, 283 F. 3d at 776. Additionally, the plaintiff clearly had a motive for concealment, as success in her concealment would have preserved an asset for her own use rather than that of her creditors. *Id.* This is further borne out by the fact that Cluesman never made any efforts on her own to amend her bankruptcy proceedings or request that the bankruptcy proceedings be reopened, but instead, the bankruptcy proceedings were only reopened at the request of the Trustee, upon being informed by the defendant of Mrs. Cluesman's claims. *See Eubanks v. CBSK Financial Group, Inc.*, 385 F. 3d 894 (6th Cir. 2004).

Cluesman clearly asserted an inconsistent position under oath in her prior bankruptcy proceeding and the bankruptcy court discharged her debts based upon her

misrepresentation. Accordingly, the Court **FINDS** that Cluesman's claims against the defendant are judicially estopped.[1]

ENTER:

> s/J. RONNIE GREER
> UNITED STATES DISTRICT JUDGE

---

[1] The Court is mindful of the fact that its holding in one way results in a negative impact upon justice, in that the application of the judicial estoppel doctrine results in the bankruptcy court not having at its disposal for the payment of creditors assets to which those creditors might have otherwise been entitled. Nevertheless, the Court is convinced that its holding fulfills the purpose of the judicial estoppel doctrine, that is, preserving the integrity of the courts." *Browning* at 776.